IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JERRY WILSON | § | |
| v. | § | CIVIL ACTION NO. 6:05cv484 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Jerry Wilson, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his confinement.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Wilson says that he was convicted of unauthorized use of a motor vehicle in 1001, receiving a sentence of 20 years in prison.  On January 14, 200, he was released from confinement.  He says that under state law, he was released as a "free man," with no supervised release and no supervision contract.  He argues that because his flat time plus his good time equaled 100 percent of his 20-year sentence, he had served this sentence in its entirety.

Nonetheless, Wilson says, on March 11, 2005, he was arrested under a warrant issued by the Texas Board of Pardons and Paroles for a rule violation.  He was brought before a hearing officer, and a decision was made to continue to a revocation hearing.  On June 21, 2005, Wilson says, his release was revoked by the Texas Board of Pardons and Paroles.  However, Wilson again says that he had served his sentence in its entirety and so the Board had no authority to revoke a sentence which had been served in full.

1

After review of the pleadings, the Magistrate Judge issued a Report on February 15, 2006, recommending that the petition be dismissed.  The Magistrate Judge stated that Wilson was proceeding upon an incorrect premise, which is that the good time that he earned was credited to the duration of his sentence.  This is not accurate under Texas law, which specifically provides that good time does not reduce the length of the sentence.  Instead, when Wilson's good time plus his flat time equaled the length of his sentence, he was entitled to release on mandatory supervision, not unconditional release.  Thus, instead of being released "as a free man," Wilson was released on mandatory supervision, which was subsequently revoked.  The Magistrate Judge therefore concluded that the habeas corpus petition had no merit and recommended that it be dismissed.

Wilson filed objections to the Magistrate Judge's Report on March 21, 2006.  In his objections, Wilson says that he was released with no conditions and no obligations to TDCJ-CID. As proof of this, he furnishes a copy of his mandatory supervision release form, which says that he refused to sign it.  Wilson argues that because he did not sign the contract, he is not bound by its terms, and therefore his release had no conditions.

The Fifth Circuit has held that issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court.  Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001), citing United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992); Cupit v. Whitley, 28 F.3d 532, 535 n.5 (5th Cir. 1994).  Wilson's contention that his release was unconditional because he refused to sign the contract was raised for the first time in his objections and therefore is not properly before the Court.

Even were it properly before the Court, however, it is plain that this argument is without merit.  Wilson seeks to transform a release on mandatory supervision, during the term of a sentence, into an unconditional discharge from that sentence by the simple expedient of refusing to sign the mandatory supervision document.  This attempted end run around the straightforward provisions of Texas law is novel, but nonetheless unavailing.  Neither he nor the Board had the

2

power to transform his release on mandatory supervision into an unconditional discharge of his duly imposed sentence.  Wilson's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all pleadings, documents, and records in the case.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit.  It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice.  Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 10th day of May, 2006.**

WILLIAM M. STEGER
UNITED STATES DISTRICT JUDGE

3